UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
OCT 30 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Antwon Walls )
)
v. )
)
Kafene, Inc. )

1:25-cv-13290
Judge Robert W. Gettleman
Magistrate Laura K. McNally
RANDOM / Cat. 2

**NATURE OF ACTION**

This action arises under Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(A)(iii), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., for Defendant's repeated, unauthorized, and unsolicited calls, voicemails, and text messages to Plaintiff's cellular phone without prior express consent. Defendant's calls and messages were sent using an automated telephone dialing system ("ATDS") and/or other technology capable of dialing stored telephone numbers in an effort to reach another individual. The text messages included unique, automated tracking links in their URL paths (after the ".com/"), confirming automated message generation. Defendant's repeated conduct over several months constitutes willful and knowing violations of both the TCPA and FDCPA.

Each of Defendant's calls and messages intruded upon Plaintiff's privacy, constituted a nuisance, and interfered with Plaintiff's use and enjoyment of his cellular phone—harms that Congress expressly intended to prevent under the TCPA. See *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017) (holding that even one a single unsolicited call to a cellular phone causes a concrete injury because it invades privacy and disturbs seclusion—the very interests the TCPA was enacted to protect).

**JURISDICTION AND VENUE**

This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the TCPA, a federal statute. Venue is proper in this District under 28 U.S.C. §1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred within this District.

## PARTIES

Plaintiff Antwon Walls is a resident of 819 S Miller St #B, Chicago, IL 60607, and defendant Kafene is a business entity operating at 44 W. 28th St, 17th floor, New York, NY 10001. Defendant engages in marketing and debt collection practices, including calls, voicemails, and texts made to plaintiff via automated dialing systems and/or other capable technology.

## BACKGROUND

Beginning on October 25, 2024, and continuing through July 17, 2025, Defendant willfully and knowingly made repeated repetitive, intrusive, unsolicited calls, voicemails, and text messages to Plaintiff's cellular phone without prior express consent. Text messages contained unique tracking links (URL paths following the ".com/"), indicating automated message generation consistent with an ATDS. Automated calls and voicemails failed to disclose that Kafene is a debt collector and that any information obtained would be used for debt collection purposes, in violation of the FDCPA. This constitutes a fine of $1,000. Messages and calls interfered with Plaintiff's privacy and daily life. Plaintiff has never provided his information to Defendant nor consent to receive calls or messages from them, nor had any prior dealings or relationship with the Defendant.

Defendant repeatedly misidentified Plaintiff in text messages, using variations of similar names in its communications. Each voicemail followed an identical, unnatural, and generic

robotic script, characteristic of automatic call campaigns. Each voicemail also demanded a return call to Defendant's number.

Defendant's calls were made without Plaintiff's prior express consent and were directed to Plaintiff's cellular phone, which qualifies as a "telephone number assigned to a cellular telephone service" under 47 U.S.C. §227(b)(1)(A)(iii). Defendant's actions were willful and knowing, and constitute a violation of 47 U.S.C. §227(b)(1)(A)(iii). In total, Plaintiff received 28 unsolicited texts and 7 unsolicited calls, each violating 47 U.S.C. §227(b)(1)(A)(iii) knowing and willfully, with statutory damages of $1,500 per violation, for a total of $52,500 in statutory damages. Defendant's repetitive violations of the FDCPA violations impose additional statutory damages of $1,000, making the total claim of $53,500.

## STATEMENT OF HARM AND STANDING

Plaintiff has suffered concrete and particularized injuries as a result of Defendant's conduct. Each unsolicited call and text intruded upon Plaintiff's privacy, disrupted the use and enjoyment of his cellular phone, and caused annoyance, aggravation, and nuisance. The repetition of these actions forced him to expand time and attention addressing communications not intended for him. These harms are a recognized under common law *(Restatement (Second) of Torts § 652B)* and TCPA jurisprudence. See *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462 (7th Cir. 2020)). Even a single unwanted call or message satisfies Article III's injury-in-fact requirement. See *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017) (holding that receiving even one unsolicited voicemail constitutes a concrete injury because it invades privacy and disturbs seclusion). Defendant's continued use of automated systems to send unsolicited communications, and its continued misidentification of Plaintiff as another individual, further demonstrate willfulness and knowledge of its statutory obligations.

## **LEGAL FRAMEWORK AND AUTHORITIES**

I. Under 47 U.S.C. § 227(b)(1)(A)(iii), the TCPA prohibits the use of an ATDS to call or send text messages to a cellular phone without prior express consent. Court have consistently held that even text messages delivered by such systems count as "calls."

II. Under the FDCPA (15 U.S.C. §1692 et seq.), debt collectors must identify themselves, disclose their purpose, and refrain from false, misleading, or harassing communications. Section 807(11) of the FDCPA prohibits failure to disclose in initial and subsequent communications that the communication is from a debt collector.

III. *Susinno v. Work Out World* Inc., 862 F.3d 346 (3d Cir. 2017), held that even a single pre-recorded call to a cell phone constitutes a concrete injury to privacy interests, even if the call does not result in a charge to the recipient.

IV. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), clarified that TCPA prohibitions apply regardless of whether the called party is charged for the call

V. Congress has granted the FCC discretion to exempt such calls only by rulemaking under § 227(b)(2)(C)—which it has not done.

VI. The ATDS definition is broad. *Marks v. Crunch San Diego,* 904 F.3d 1041 (9th Cir. 2018), held that an ATDS includes equipment that can automatically dial stored numbers, even if it does not use a random or sequential number generator or randomly dial numbers.

VII. The Seventh Circuit has recognized that unwanted calls and text messages invade privacy and cause nuisance, both of which qualify as concrete harm under Article III. See *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462 (7th Cir. 2020).

**VIII.** Common law has long recognized actions for invasion of privacy through intrusion upon seclusion, including repeated unwanted telephone calls. See *Restatement (Second) of Torts § 652B (Am. Law Inst. 1977)*; see also *Carey v. Statewide Fin. Co.*, 223 A.2d 405 (Conn. Cir. Ct. 1966); see also *Housh v. Peth*, 133 N.E.2d 340 (Ohio 1956).

**IX.** Defendant's conduct falls squarely within these principles, as the repeated misdirected calls to Plaintiff's personal cellular phone intruded upon his seclusion and disrupted his peace of mind.

## WILLFULNESS AND KNOWLEDGE

Defendant's repeated, identical messages containing automated links, and delivered in bulk reflect deliberate use of automated systems. Defendant persisted in contacting Plaintiff over several months, despite clear, repeated misidentification and lack of consent. The intentional nature of these calls and the ongoing contact, despite obvious errors, constitutes willful and knowing violations of the TCPA under 47 U.S.C. § 227(b)(iii), justifying the treble damages of $1,500. Defendant's repeated failure to disclose debt collection status in automated voicemails further constitutes willful and knowing violations of the FDCPA.

## CLAIM FOR RELIEF

Each unsolicited text message and call constitutes a separate violation. Plaintiff seeks statutory damages of $500 per each violation of the TCPA, trebled to $1,500 for each willful and knowing violation pursuant to 47 U.S.C. §227(b)(iii). By FDCPA, each voicemail failing to disclose debt collector status constitutes a violation. Plaintiff also seeks statutory damages of $1,000 for violations of FDCPA 807(11). Total statutory damages claimed: $53,500. Plaintiff further seeks injunctive relief prohibiting Defendant from placing additional calls or messages to his cellular number.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award $52,500 in total statutory damages for each violation of the TCPA, which includes treble damages for willful and knowing misconduct;

b. Award statutory damages of $1,000 for FDCPA violations

c. Grant injunctive relief prohibiting further unsolicited calls to Plaintiff's cellular number;

d. Award costs any other relief this Court deems just and proper.

Respectfully submitted,
Antwon Rashawn Walls
819 S Miller St #B
Chicago, IL 60607
Plaintiff, Pro Se