**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Antwon Walls

              Plaintiff,

v.

                                     Case No.: 1:25−cv−13290

                                     Honorable Steven C. Seeger

Kafene, Inc.

              Defendant.

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 8, 2026:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's application to proceed in forma pauperis (Dckt. No. [4]) is denied. Plaintiff's two additional motions asking this Court to grant his in forma pauperis application (Dckt. Nos. [14], [15]) are denied as moot. The Court reviewed Plaintiff's financial disclosure form. Walls earns less than $400 per month, and has earned less than $17,000 in the past 12 months. He owes over $10,000 in credit card debt. He also has over $1,000 in monthly liabilities, including rent and car insurance. His income would qualify him to proceed in forma pauperis. But a plaintiff is not entitled to proceed in forma pauperis based on poverty alone. The Court must also prescreen the complaint before accepting the complaint for filing. See 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See id.; see also Jones v. Bock, 549 U.S. 199, 214 (2007); Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen complaints under section 1915(e)(2)(B) in the same manner that they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When screening a pro se plaintiff's complaint, courts construe the plaintiff's allegations liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well−pleaded facts as true and draw reasonable inference in the plaintiff's favor." Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016). Walls raises claims under the Telephone Consumer Protection Act (&quot;TCPA") and Fair Debt Collection Practices Act ("FDCPA"). He alleges that defendant has called or texted him over 30 times between October 2024 and July 2025. See Cplt. (Dckt. No. [1]). He alleges that Defendant's calls were identical, unnatural, and followed a "robotic script." He repeatedly concludes that the calls were automatic, or at least consistent with automatic calls. But Walls does not provide enough information about the calls to pass

pre−screening. He relies on his conclusion that they were identical, unnatural, and seemingly automatic, but that isn't enough. See Johansen v. Vivant, Inc., 2012 WL 6590551, at *3 (N.D. Ill. 2012). "Use of an [automatic telephone dialing system] and the pre−recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details."; Id. "For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre−recorded or delivered via an [automatic telephone dialing system]." Id. Here, Walls describes the calls as unnatural, identical, and following a robotic script. But Walls doesn't describe whether the caller sounded robotic or automated, explain any failed attempts to interact with the caller, or provide any information about the content of the calls. The same is true for his allegations about text messages. True, text messages can violate the TCPA. See Blow v. Bijora, Inc., 855 F.3d 793, 798 (7th Cir. 2017). But Walls claims the texts were automated because the messages contained "unique tracking links (URL paths following the ".com/")" that indicated they were "automated." But his allegation is conclusory. Containing URL links doesn't adequately allege the texts violated the TCPA. It is "not unreasonable to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief" that the defendant used an automatic dialer in violation of the TCPA. See Vivant, 2012 WL 6590551, at *3 (cleaned up). Finally, Walls's complaint provides nearly no allegations about his FDCPA claim. As the Court understands things, Walls alleges that Defendant's repeated calls violated the FDCPA because the conduct was harassing, oppressing, or abusive. See 15 U.S.C. § 1692d. But debt collectors can call hundreds of times over several months without violating the FDCPA. See Schumacher v. Credit Prot. Ass'n, 2015 WL 5786139, at *10 (S.D. Ind. 2015) (collecting cases). Plus, Walls doesn't adequately allege that Defendant was seeking satisfaction of debts from him when it made these calls. See Holt v. MRS BPO, LLC, 2013 WL 5737346, at *4 (N.D. Ill. 2013) (citing McKinney v. Cadleway Props., Inc., 548 F.3d 496, 500 (7th Cir. 2008)). At one point, Walls claims the calls were trying to obtain information to aid debt collection efforts. But Walls doesn't provide any factual allegations explaining that theory. And at other times, the complaint alleges that Defendant habitually misidentified Walls in its calls. If that allegation is true, then presumably the Defendant wasn't seeking debt collection from Walls in the first place, but rather some other person. Either way, Walls doesn't provide enough factual allegations to plausibly state a claim under the TCPA or FDCPA. So, his complaint doesn't pass pre−screening, and his application to proceed in forma pauperis is denied. Walls must pay the filing fee and submit an amended complaint by April 21, 2026. A failure to comply will lead to the dismissal of this case. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.